1  WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
   KELLI M. KENNADAY (SBN 155153)
2  kkennaday@wilkefleury.com
   STACY M. HUNTER (SBN 272712)
3  shunter@wilkefleury.com
   400 Capitol Mall, Twenty-Second Floor
4  Sacramento, California 95814
   Telephone:    (916) 441-2430
5  Facsimile:    (916) 442-6664

6  Attorneys for Defendants
   MISSION RANCH PRIMARY CARE and
7  MARCIA F. NELSON, M.D.

8

9                    UNITED STATES DISTRICT COURT

10      EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

11

12 BRYN RAU,                              Case No.

13          Plaintiff,                    **NOTICE OF REMOVAL OF ACTION
                                          UNDER 28 U.S.C. SECTION 1441(a)**
14      v.                                **(FEDERAL QUESTION)**

15 MISSION RANCH PRIMARY CARE,
   MARCIA F. NELSON, M.D., and DOES 1-
16 25, inclusive,

17          Defendants.

18

19 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that Defendants Mission Primary Care and Marcia F. Nelson, M.D.

21 ("Defendants") hereby remove to this Court the state court action described below:

22        1.      On January 22, 2013, an action was commenced in the Superior Court of the State of

23 California in and for the County of Butte entitled *Bryn Rau v. Mission Valley Primary Care, et al.*,

24 Case Number 158775.  The Complaint contains eleven (11) causes of action:  (1) willful violations of

25 California Labor Code §§ 510 and 204 – failure to pay all wages and overtime under California law;

26 (2) wilful violations of California Labor Code §§ 201, 202 and 203 – failure to pay wages upon

27 discharge or quitting; waiting time penalties; (3) wilful violations of California Labor Code § 226.7 –

28 failure to afford mandatory breaks or meal periods as required by IWC Orders and Labor Code; (4)

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

917535.1
                                    -1-
   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a) (FEDERAL QUESTION)

1  violations of California Business and Professions Code §§ 17200, et. seq., based upon defendants'

2  unfair business acts and practices; (5) unlawful termination; (6) wrongful termination in violation of

3  public policy; (7) unfair business practices pursuant to California Business and Professions Code §

4  17200, et. seq.; (8) wrongful termination in violation of the California Family Rights Act; (9) violation

5  of the California Pregnancy Disability Leave Act; (10) violation of the Health Insurance Portability

6  and Accessibility Act; and (11) violation of the Family Medical Leave Act.

7       2.     Defendants were served with a copy of the Complaint and Summons on January 25,

8  2013.  A copy of the Summons and Complaint, including exhibits, and the Civil Case Cover Sheet that

9  was served with the Summons and Complaint, are attached hereto as Exhibit A.  These documents

10  constitute all processes, pleadings and orders received by Defendants.

11  **JURISDICTION**

12       3.     This action is a civil action of which this Court has original jurisdiction under 28

13  U.S.C. section 1331, and is one which may be removed to this Court by Defendants pursuant to the

14  provisions of 28 U.S.C. section 1441(a) in that it arises under the Health Insurance Portability and

15  Accessibility Act (42 C.F.R. 140, et. seq.) and the Family Medical Leave Act (29 U.S.C. 2601, et

16  seq.), which are federal laws.  This Court also has supplemental jurisdiction over any and all

17  remaining state law claims in the Complaint, as the federal and state claims "derive from a common

18  nucleus of operative fact" and are thus part of the same "case or controversy."  28 U.S.C. § 1367(a);

19  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-726 (1966).

20  DATED:  February 20, 2013          WILKE, FLEURY, HOFFELT,
                         GOULD & BIRNEY, LLP

21

22                 By:      /s/    *Kelli M. Kennaday*

23                         KELLI M. KENNADAY
                       Attorneys for Defendants

24                  MISSION RANCH PRIMARY CARE and
                     MARCIA F. NELSON, M.D.

25

26

27

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

917535.1
-2-
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a) (FEDERAL QUESTION)

# EXHIBIT A

1  Joann L. Pheasant, Esq. SBN #248423
   LAW OFFICES OF JOANN L. PHEASANT
2  372 Florin Road, Suite 179
   Sacramento, CA 95831
3  Phone: (916)-548-4844
   pheasantj@earthlink.net
4
   Attorney for Plaintiff,
5  BRYN RAU

6

7              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                        FOR THE COUNTY OF BUTTE

9

10

11

12  BRYN RAU                          )  Case No.   158775
13                                    )
                                      )
14                                    )
                  Plaintiff,          )
15                                    )
        vs.                           )  **COMPLAINT FOR DAMAGES**
16                                    )  Willful Violations of California Labor Code
                                      )  Sections 510 and 204; 201, 202 and 203; 226.7
17  MISSION RANCH PRIMARY CARE,       )  and IWC Orders; 226; Violations of Bus.
    MARCIA F. NELSON, M.D., and DOES 1-)  Wrongful Termination in Violation of
18  25, inclusive,                    )  California Public Policy, Employment
                                      )  Discrimination And Prof. Code Sections
19                                    )  17200, et. seq.; Violation of FEHA, Violation
                                      )  of PDLL, Violation of CFRA, Violation of
20                Defendants          )  HIPPAA, Violation of FMLA, and for
                                      )  Declaratory Relief.
21
22
23  _____
24
25        Plaintiff BRYN RAU, for her complaint against defendants MISSION RANCH
26  PRIMARY CARE, INC, MARCIA F. NELSON, M.D., and DOES 1-25, inclusive, alleges upon
27  information and belief, except as to the allegations that pertain to Plaintiffs and their counsel, as
28
                                      1
                              Complaint For Damages

follows:

## JURISDICTION AND VENUE

1.     Plaintiff BRYN RAU is an individual who, at all relevant time periods, resided in California, was a citizen of the State of California, was offered employment by MISSION RANCH PRIMARY CARE  (hereinafter referred to as " DEFENDANTS"), at its Chico California facility. Plaintiff was employed by  DEFENDANTS MISSION RANCH PRIMARY CARE, and MARCIA F. NELSON, M.D.

2.     DEFENDANTS were, at all times relevant to this Complaint, a California BUSINESS, believed to be a CALIFORNIA CORPORATION, in the Medical Business in the State of California.  DEFENDANT MISSION RANCH PRIMARY CARE had, at all times relevant hereto, its headquarters and principal place of business in Chico California.

3.     Defendants MARCIA F. NELSON, M.D., was, at all relevant times, an employees and/or owner of MISSION RANCH PRIMARY CARE.

4.     Plaintiff lacks sufficient information and belief to allege the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive.  For that reason, Plaintiff sues said fictitiously named defendants by such fictitious names. When the true names, nature and capacity of said fictitiously named defendants are ascertained, Plaintiff shall amend this Complaint accordingly.  At all times herein mentioned, all defendants herein, whether named or unnamed were and are responsible and liable to Plaintiff for all of the Plaintiff's damages and other relief prayed for herein.  Plaintiff alleges on information and belief that at all times herein mentioned, each of the defendants herein, whether named or unnamed, was the agent, servant employee, co-conspirator, co-adventurer, and employee of each other defendant herein, whether named or unnamed. With respect to each action and inaction pled in the following paragraphs,

5.     each of the defendants, whether named or unnamed, was acting within the course and scope of their agency and employment and was acting with the full knowledge, consent, ratification and approval of each other defendant herein, whether named or unnamed.

6.     This Court has personal jurisdiction over the named corporate Defendant, which: (1) conducts business in the State of California through its branches and service centers in California; (2) hires and maintains employees in the State of California; and (3) avails itself of the protection of the laws of the State of California.

7.     Venue is proper in this Court because Defendants committed the acts complained of herein in Butte County California.

8.     Plaintiff BRYN RAU was employed by MISSION RANCH PRIMARY CARE and MARCIA F. NELSON, M.D. to assist with medical care.

## FACTUAL ALLEGATIONS

8.     This action is brought by Plaintiff because She was denied regular and overtime wages, and meal and rest periods, in violation of the Labor Code and Industrial Wage Commission ("IWC") Orders.  This action is also brought for CORPORATE DEFENDANTS' failure to maintain employees' payroll records, and make those records available to employees for inspection upon request, in violation of California law.

9.     Defendant fired Plaintiff BRYN RAU because DEFENDANT MARCIA F. NELSON, M.D., found out that BRYN RAU was pregnant.

10.     DEFENDANTS MARCIA F. NELSON, M.D., and MISSION RANCH PRIMARY CARE employees inquired among the staff whether or not Plaintiff BRYN RAU was pregnant.

11.     PLAINTIFF BRYN RAU was fired shortly after DEFENDANTS confirmed with another employee that PLAINTIFF BYRN RAU was pregnant.

3

Complaint For Damages

12.     PLAINTIFF alleges and believes that DEFENDANT MARCIA NELSON, M.D.,

13.     inappropriately accessed the medical records of DEFENDANT BRYN RAU in violation of HIPPAA, and both federal and state law.

14.     Defendants made pretextual excuses about the termination after they found out that Plaintiff was pregnant.

15. DEFENDANTS failed to provide Plaintiff with regular and overtime wages. Defendants' policies and practices toward its employees and Plaintiff violate California Labor Code §§ 510 and 204, which provide, in relevant part:

> Sec. 510(a).  Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

> Sec. 204.  All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

16. DEFENDANTS failed to provide Plaintiff with meal and rest periods.  Defendants' policies and practices towards its employees violate California Labor Code § 226.7, which provides:

> (a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b)     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of

4

compensation for each work day that the meal or rest period is not provided.

17. CORPORATE DEFENDANTS failed to maintain accurate payroll records, and fail to provide Plaintiff with those records for inspection upon request. Defendants' policies and practices towards its employees violate California Labor Code § 226, which provides, in relevant part:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. The employer may take reasonable steps to assure the identity of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

5

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction.

18. Defendants routinely required employees to work more than five (5) hours at a time without a break. Plaintiff was routinely not permitted to take a one-hour meal period or even a 30-minute meal period, as required by law. Defendants routinely scheduled employees to work consecutive hours (over five) during a given day without interruption.

19. Defendants routinely denied regular wages, and overtime wages to Plaintiff working more than eight (8) hours per day and more than forty (40) hours per week. In addition, Defendants routinely failed to timely pay Plaintiff his due wages.

20. Defendant's illegal policy of denying regular and overtime wages, failing to timely pay wages, and forcing employees to forego a meal and rest period also constitute a violation of California's Unfair Competition Law (Business and Professions Code §§17200, et seq.), in that Defendant's policies and practices constitute unlawful, unfair or fraudulent business acts or practices, including violations of California Labor Code provisions and California IWC Orders.

21. Plaintiff seeks injunctive relief prohibiting Defendants from engaging in the illegal labor acts described herein. Injunctive relief is required. Unless enjoined, Defendants' unlawful conduct will continue unchecked, while Plaintiff bears the financial brunt of Defendant's unlawful conduct.

22. Plaintiff also seeks restitution of costs incurred by Plaintiff under California's Unfair Competition Law.

### First Cause of Action

**For Willful Violations of California Labor Code §§ 510 and 204 –**
**Failure to Pay All Wages and Overtime Under California Law**

6

23. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

24. On January 1, 2000, Labor Code § 510(a) was enacted and provides:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

25. Labor Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

26. Labor Code § 204 states, in pertinent part:

All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

27. Under California law, CORPORATE DEFENDANTS are required to pay wages for each hour worked, and overtime wages when non-exempt employees work over 8 hours in a day or 40 hours in a week by calculating the hourly rate and then computing the overtime premium amount owed. Plaintiff has worked for Defendants without being paid for all hours worked, regular and overtime.

28. As a result of CORPORATE DEFENDANTS' violation of statutory duties to comply with statutory wage requirements, as more fully set forth above, Plaintiff was damaged in an

1    amount above the jurisdictional limits of this Court.

2    29. Plaintiff seeks as damages all wages owed to Plaintiff by CORPORATE

3    DEFENDANTS.

4    30. Plaintiff is entitled to, and therefore request, an award of pre-judgment interest on the

5    unpaid wages set forth herein.

6    31. Plaintiff has incurred, and will continue to incur attorneys' fees and costs in the

7    prosecution of this action. Plaintiff seeks attorneys' fees under all applicable provisions of law.

8    Wherefore, Plaintiffs prays judgment as set forth herein below.

9
                              **Second Cause of Action**
10

11          **For Willful Violations of California Labor Code §§ 201, 202, and 203 –**

12      **Failure to Pay Wages Upon Discharge or Quitting; Waiting Time Penalties**

13    32. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set

14    forth herein

15    33. California Labor Code §§ 201 and 202 require CORPORATE DEFENDANTS to pay

16    their employees all wages due immediately upon discharge or 72 hours after an employee quits.

17    California Labor Code § 203 provides that if an employer willfully fails to timely pay such

18    wages the employer must, as a penalty, continue to pay the subject employees' wages until the

19    back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of

20    wages. A worker need not prove malice or intentional conduct in establishing their claim for

21    waiting time penalties, but merely establish the employer did not do something it was obligated

22    to do. (See Mamika v. Barca (1998) 68 Cal. App. 4th 487; Barnhill v. Robert Saunders & Co.

23    (1981) 125 Cal.App.3d 1.)

24
      34. Plaintiff is entitled to unpaid compensation, but to date has not received such
25

26    compensation. As a consequence of CORPORATE DEFENDANTS' willful conduct in not

27    paying compensation for all hours worked, Plaintiff is entitled to 30 days wages as penalty under

28    35. Labor Code § 203, together with interest thereon and attorneys' fees and costs.

8

Complaint For Damages

Wherefore, Plaintiff prays judgment as set forth herein below.

### Third Cause of Action

### For Willful Violations of California Labor Code § 226.7 – Failure to Afford Mandatory Breaks or Meal Periods as Required by IWC Orders and Labor Code

36. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

37. At all times relevant, Plaintiff was covered by the provisions of Industrial Wage Commission ("IWC") Orders, including IWC Orders 1-2001.

38. The IWC Orders provide, in applicable part:

11. (A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  In the case of employees covered by a valid collective bargaining agreement, the parties to the collective bargaining agreement may agree to a meal period that commences after no more than six (6) hours of work.

11. (B)  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

11. (C)  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

11. (D)  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of

compensation for each workday that the meal period is not provided.

12. (A)  Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

12. (B)  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

39. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

40. CORPORATE DEFENDANTS routinely failed to provide Plaintiff with a 30-minute unpaid meal period within the first five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7.  Defendants routinely failed to provide Plaintiff with a second 30-minute meal period within the second five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7.  As a result of Defendants' failure, Plaintiff is entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation for each workday that the meal period was not provided, and any and all statutory penalties provided by law.

41. CORPORATE DEFENDANTS routinely failed to provide Plaintiff with a 10-minute paid rest period for each four (4) hour period of work, in compliance with IWC

Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiff is entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation for each workday that the rest period was not provided, and any and all statutory penalties provided by law.

42. CORPORATE DEFENDANTS' policy and practice of denying Plaintiff meal and rest periods constitutes a willful violation of California Labor Code § 226.7. Plaintiff has sustained damages as a direct and proximate consequence of the Defendants' willful and illegal conduct, to wit, he has been forced to work continuously throughout the day, every day, without being allowed to take meal and rest periods.

43. Plaintiff has incurred, and will continue to incur attorney fees and costs in the prosecution of this action. Plaintiff seeks attorneys' fees under all applicable provisions of law. Wherefore, Plaintiffs prays judgment as set forth herein below

**Fourth Cause of Action**

**For Violations of California Business and Professions Code Sections 17200, et seq.**
**_Based Upon Defendants' Unfair Business Acts and Practices_**

44.     Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

45.     Plaintiff further brings this action pursuant to the Business and Professions Code Sections 17200, et seq., seeking restitution for monies owed for regular and overtime wages, denial of meal and rest periods, and injunctive relief to enjoin CORPORATE DEFENDANTS' illegal practices.

46.     The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." Plaintiff has standing to bring this claim because she is a direct victim of CORPORATE DEFENDANTS' illegal and unfair business practices, which Defendants engaged in for

their sole financial benefit.

47.     Defendants, and each of them, are "persons" as defined under Business and Professions Code § 17201. Each of the directors, officers, and/or agents of Defendants, and each of them, are equally responsible for the acts of the other directors, officers, employees and/or agents as set forth in the Business and Professions Code § 17095.

48.     Plaintiff brings this action in the interest of other employees of Defendants, and each of them, and in the interest of the public pursuant to § 17203 of the California Business and Professions Code. Plaintiff brings this cause of action seeking restitution for CORPORATE DEFENDANTS' failure to pay employees regular and overtime wages, and failure to provide meal and rest periods, as well as an injunction prohibiting Defendants from denying employees regular and overtime wages and meal and rest periods, now and in the future.

49.     Plaintiff brings this action to pursue claims during a 4-year statute of limitations under § 17208 of the California Business and Professions Code.

50.     The following practices of Defendants, and each of them, are unlawful and unfair business practices under California Business and Professions Code §§ 17200 et seq.:

    (a)    failure to pay all regular and overtime wages, in violation of the California Labor Code and all other applicable laws;

    (b)    failure to provide rest breaks and meal periods pursuant to the California Labor Code and IWC wage orders;

    (c)    failure to maintain accurate pay records, and make those records available for inspection upon request by employees;

    (d)    unjust enrichment due to the failure to pay wages, including overtime wages.

12

Complaint For Damages

51.     At all times material to this action, CORPORATE DEFENDANTS' conduct described above is an unfair, unlawful, and/or fraudulent business practice in violation of California Business & Professions Code §§ 17200 et seq.

52.     As alleged hereinabove, CORPORATE DEFENDANTS have inequitably and unlawfully conspired, agreed, arranged and combined to violate California labor laws, as alleged herein.

53.     As set forth below, Plaintiff is informed and believe and thereupon allege, that by failing to pay wages to all employees at Defendants' business, Defendants have engaged in business within the State of California in a manner that injured competitors, lead to misrepresentations to the public about the manner in which Defendants engaged in business, and/or destroyed competition in violation of Business and Professions Code § 17043.  Upon information and belief, Plaintiff alleges that Defendants engaged in the acts and omissions heretofore alleged for the purpose of profiting from lower labor costs, and obtaining an unlawful or unfair advantage, all in a scheme to engage in unfair competition, at the expense of their employees and to the detriment of public policy for the lawful employment of employees.

54.     Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay all wages, including overtime wages, is admissible as evidence of Defendants' intent to violate the California Unfair Practices Act.

55.     As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, Plaintiff has been denied due wages, both regular and overtime, as well as meal and rest periods, all to their detriment and all to CORPORATE DEFENDANTS' illegal economic advantage.

56.     Plaintiff is informed and believe and thereon allege that the Defendants, and each of them, by committing the above-described acts, have deceived the public by illegally depriving its employees regular and overtime wages, and meal and rest periods, thus injuring its employees.

57.     Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff seeks restitution of all unpaid wages owing to him and members of the general public, according to proof, that the Defendants have enjoyed as a result of the unfair business practices.

58.     Business and Professions Code § 17202 states: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

59.     In addition to restoration of all wages owed, Plaintiff seeks to enforce penalties in the interest of herself, in the interest of other employees of Defendants, and each of them, and in the interest of the general public pursuant to § 17202:

> (a)     waiting time penalties (Labor Code § 203);
>
> (b)     extra hour of pay for not authorizing or permitting breaks and meal periods (Labor Code § 226.7);
>
> (c)     failure to maintain and make available for inspection accurate pay records (Labor Code § 226)

60.     There is a financial burden incurred in pursuing this action which would be unjust to place on Plaintiff, because the burden of enforcing workforce-wide rights is disproportionate to that of enforcing only individual claims. It would be against the interests of justice to force payment of attorneys' fees from Plaintiff's recovery in this action. Therefore, attorneys' fees are appropriate and sought pursuant to all applicable laws, including but not limited to California Code of Civil Procedure § 1021.5.

61.     Unless equitable relief is granted, Plaintiff and others similarly situated will continue to be subjected to Defendants' illegal conduct. Pursuant to Business and Professions Code §§ 17203, plaintiffs seeks a permanent injunction enjoining Defendants' continuing violations of California's Unfair Competition Law on the

14

Complaint For Damages

grounds that such acts described herein violate § 17200 of the Business and Professions Code and California's public policy.   Wherefore, Plaintiff prays judgment as set forth herein below.

### Fifth Cause of Action

### Unlawful Termination

59. Plaintiff repeats and realleges the preceding and subsequent paragraphs as though set forth herein.

60. At all times herein mentioned, California Constitution, Article I,§8, California Government Code §§ 11135, 12900-12996, and Labr Code §§ 98.7, 1050-1054, 1101-1105, 1171-1200, and 2922 were in full force and effect and were binding.  Said sections and laws, *inter alia*, mandated that MISSION RANCH PRIMARY CARE refrain from discriminating against any employee on the basis of race, marital status, and sexual orientation, among other categories.

61. Plaintiff is now and was at all material times a married woman.

62.  Plaintiff was perceived to be pregnant.

63.  On or around May of 2010 Defendant MARCIA F. NELSON M.D. inquired about BRYN RAU's pregnancy status from other employees.

64. Defendants denied plaintiff's unemployment benefits and made pretextual arguments on why she was fired.

65. PLAINTIFF BYRN RAU believes that her personal medical records were also acessed by DEFENDANT MARCIA F. NELSON, M.D.

66. Knowingly and intentionally terminating Plaintiff solely as the result of her pregnancy is in violation of the California Constitution, Government Codes and Labor Codes referenced above.

67. As a direct and proximate result of Defendant's discriminatory actions against

15

Complaint For Damages

Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

68. As a direct and proximate result of Defendants discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

69. Defendants discriminatory actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights.   Plaintiff is therefore entitled to punitive damages in an amount necessary to punish Defendants and to deter such conduct in the future.

70 As a further and proximate result of Defendants discriminatory actions, as alleged above, Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act. California Government Code § 12900 *et. seq.*

### Seventh Cause of Action

71. Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 70, inclusive, as though fully set forth herein.

72. Defendants termination of PLAINTIFF BRYN RAU'S employment violates the fundamental public policies of the Sate of California including, but not limited to, the policy prohibiting an employer from discriminating against an employee because of such employee's pregnancy.

73. As a direct and proximate result of Defendants actions/inactions, Plaintiff has been harmed in that she has suffered financial losses, loss of benefits, consequential and

Complaint For Damages

incidental losses, including but not limited to loss of income and benefits.

74. As a further proximate result of Defendants actions/inactions as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has forseeably suffered humiliation, mental anguish, severe emotional and physical distress and has been injured in mind and body in an amount according to proof.

75. Defendants above-referenced actions were done with malice, fraud, and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish Defendants MISSION RANCH PRIMARY CARE *et. al.* and deter such conduct in the future.


## Eighth Cause of Action

(Unfair Business Practices Pursuant to California Business And Professions Code § 17200 *et seq.*)

76. Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 73, inclusive, as though fully set forth herein.

75. California Business and Professions Code § 17200 *et seq.* prohibits any practices forbidden by law be it civil or criminal, federal, state, or municipal, statutory, or court-made.

76. Defendants violated California Business and Professions Code §17200 *et seq.* by violating California Constitution, Article I, §8, California Government Code §§ 11135, 12900-12996 and Labor Code §§98.7, 1050-1054, 1101-1105, 1171-1200, and 2922 doing the following:

a. Knowingly and intentionally terminating Plaintiff solely as a result of her pregnancy;

b. denying Plaintiff medical leave;

c. denying Plaintiff accommodation;

d. denying Plaintiff leave after the birth of her child;

17

Complaint For Damages

e. terminating Plaintiff's medical benefits.

## Ninth Cause of Action

77. Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 76, inclusive, as though fully set forth herein.

78. Defendants violated the California Family Rights Act (CFRA) by doing the following:

a. Knowingly and intentionally terminating Plaintiff solely as a result of her pregnancy;

b. denying Plaintiff medical leave;

c. denying Plaintiff accommodation;

d. denying Plaintiff leave after the birth of her child;

e. terminating Plaintiff's medical benefits.

## Tenth Cause of Action

79. Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 78, inclusive, as though fully set forth herein.

80. Defendant violated the California Fair Employment and Housing Act and the California Pregnancy Disability Leave Act ("PDLL") by:

a. Knowingly and intentionally terminating Plaintiff solely as a result of her pregnancy;

b. denying Plaintiff medical leave;

c. denying Plaintiff accommodation;

d. denying Plaintiff leave after the birth of her child;

e. terminating Plaintiff's medical benefits, and

f. harassing Plaintiff.

## Eleventh Cause of Action

## HIPPAA VIOLATION

81. Plaintiff re-alleges and incorporates by this reference each and every allegation

Complaint For Damages

contained in paragraphs 1 through 80, inclusive, as though fully set forth herein.

82. Defendant violated Plaintiff's privacy rights by knowingly accessing Plaintiff's private medical records, obtaining information from those medical records and used information from those records for personal gain and malicious harm.

### Twelfth Cause of Action

### VIOLATION OF FMLA

83. Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 82, inclusive, as though fully set forth herein.

84. DEFENDANTS violated the FMLA by denying Plaintiff her rights and benefits under the FMLA including but not limited to Family Leave.

### DAMAGES

As a direct and proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

79. As a direct and proximate result of Defendants discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that she has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

79. Defendants discriminatory actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights.  Plaintiff is therefore entitled to punitive damages in an amount necessary to punish Defendants and to deter such conduct in the future.

80. As a further and proximate result of Defendants discriminatory actions, as alleged above, Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to the Fair

Employment and Housing Act. California Government Code § 12900 *et. seq*

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a.) For damages for unpaid wages, including regular and overtime wages, and such general and special damages as may be appropriate, according to proof at trial;

b.) For 30 days waiting time penalties under Labor Code § 203;

c.) For penalties under Labor Code § 226(f);

d.) For damages calculated at one extra hour for each day no rest period was provided and at one extra hour for each day no meal period was provided (Labor Code § 226.7);

e.) Declaring that the concerted violations alleged herein constitute unfair competition in violation of California's Unfair Competition Law, and violations of California's Labor Code;

Equitable remedies, including but not limited to, an equitable accounting, as the court deems just and proper under the circumstances;

f.) Actual damages for termination, lost wages, lost benefits, according to proof.

g.) Punitive damages.

h.) Granting Plaintiff the costs of prosecuting this action, together with interest and reasonable attorneys' fees; and

i.) Granting such other relief as this Court may deem just and proper under the circumstances.

j.) Granting punitive damages for unlawful discrimination and firing.

k.) Granting punitive damages for failure to accommodate a disability.

l.) Granting damages for discrimination for pregnancy.

20

Complaint For Damages

1
2
3
4
5
6
7
8

## JURY DEMAND

9

To the full extent available, Plaintiffs demands a trial by jury.

10
11

Dated:    January 18, 2013                    Law Offices of Joann L. Pheasant

12
13
14
15

By:   /s/Joann L. Pheasant

16

Joann L. Pheasant

Attorney for Plaintiff, BRYN RAU

17
18
19
20
21
22
23
24
25
26
27
28

21

Complaint For Damages



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING          DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684  I Videophone (916) 226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Jan 18, 2013

Bryn Rau

7128 State Highway 32

Orland, CA 95963

RE: 79855-36727  - Rau Bryn - Right To Sue

### Notice of Case Closure and Right to Sue

Dear Bryn Rau:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Jan 18, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,


Department of Fair Employment and Housing


cc:  , Agent for Service for Mission Ranch Primary Care

   Marcia Nelson, M.D.

STATE OF CALIFORNIA · STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.



**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684  I Videophone (916) 226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

January 18, 2013

RE: 79855-36727  - Rau Bryn - Right To Sue

Notice of Filing of Discrimination Complaint

Enclosed is a copy of a complaint that has been filed with the Department of Fair
Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962.
Complainant has requested an authorization to file a lawsuit. This complaint is not being
investigated and is being closed immediately.  A copy of the closing letter and right to
sue is enclosed for your records.

NO RESPONSE TO DFEH IS REQUESTED OR REQUIRED.

Please see the next page for the Respondent(s) name and address

STATE OF CALIFORNIA ·    .TE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.



**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684  I Videophone (916) 226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

January 18, 2013

RE: 79855-36727  - Rau Bryn - Right To Sue

Notice of Filing of Discrimination Complaint

 Agent for Service for  Mission Ranch Primary Care
114 Mission Ranch Boulevard
Chico CA 95926

Marcia Nelson, M.D.
530-894-0500
Chico CA 95926

Page 2/2



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

79855-36727

Bryn Rau

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

Mission Ranch Primary Care                                                                 (530) 894-0500

114 Mission Ranch Boulevard                                                              Chico, CA 95926

20                              Jan 18, 2013                                                  Private Employer

Marcia Nelson, M.D.                          530-894-0500  Chico  CA 95926

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

January 18, 2013 At Orland                        Joann L. Pheasant, Attorney for Complainant



### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND
HOUSING ACT

Discrimination, Harassment, Retaliation

Jan 18, 2013

Family Care or Medical Leave, Sex- Gender, Sex - Pregnancy

Asked impermissible non-job-related questions, Denied a good faith interactive process, Denied
a work environment free of discrimination and/or retaliation, Denied continuation of employer-
paid health care coverage while on pregnancy disability leave, Denied employment, Denied
family care or medical leave, Denied pregnancy leave, Denied reasonable accommodation,
Denied reinstatement, Terminated

I was a long term employee of Mission Ranch Primary Care. I had always had good work reviews and performance. Dr. Nelson was upset
when I was out on leave with my first child. She had a family member cover my job and that did not work out well. When I became
pregnant with our second child Dr. Nelson started asking other employees if I was pregnant. She got that information confirmed by asking
a co-worker in such a way that the co-worker was lead to believe she already knew I was pregnant. I was also seen by another Doctor in
the practice of Mission Ranch Primary Care. I believe that Dr. Nelson accessed my medical records without my permission to verify my
pregnancy status. Dr. Nelson was very concerned about the cost of having a replacement for my position. Because the previous coverage
by her family member was so poor she [or the practice] were going to have to pay for a replacement employee. I was fired shortly after Dr.
Nelson found out that I was pregnant on a fabricated allegation about reporting time. The practice, Mission Ranch Primary Care was the
Employer. Dr. Nelson is believed to be an owner or have an ownership share in the practice. Both Dr. Nelson and Mission Ranch Primary
Care discriminated against me for being pregnant. As a result of the discriminatory action I was fired. I lost my income, my medical
benefits, medical benefits for my family, and security. I was damaged finacially, emotionally, and physically. I was denied medical leave,
accomodation, pregnancy leave, and my job. The damage is on-going as I just had my baby and had I not been fired for being pregnant I
would be on pregnancy leave right now.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Mission Ranch Primary Care, Marcia F. Nelson, M.D., Does 1-25<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Bryn Rau | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Butte County Superior Court<br>One Court Street<br>Oroville, CA 95965-3303 | CASE NUMBER:<br>*(Número del Caso):*<br>158775 |

BUTTE COUNTY SUPERIOR COURT<br>CHICO COURTHOUSE<br>655 OLEANDER AVENUE<br>CHICO, CALIFORNIA 95926-3998

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:<br>*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*<br>Joann L. Pheasant, SBN #248423  #372 Florin Road, Suite 179, Sacramento CA 95831  916-548-4844

| DATE: JAN 2 2 2013<br>*(Fecha)* | KIMBERLY FLENER, Clerk, by<br>*(Secretario)* | a. McColl, Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Joann L. Pheasant, SBN #248423<br>Law Office of Joann L. Pheasant<br>372 Florin Road, Suite 179, Sacramento, CA. 95831 | **FOR COURT USE ONLY** |

TELEPHONE NO.: 916-548-4844      FAX NO.:
ATTORNEY FOR *(Name):* Bryn Rau

F
Superior Court of California
County of Butte

JAN 2 2 2013

Kimberly Flener, Clerk
By M. McCALL Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Butte
STREET ADDRESS: One Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oroville, CA. 95965-3303
BRANCH NAME:

BUTTE COUNTY SUPERIOR COURT
CHICO COURTHOUSE
655 OLEANDER AVENUE
CHICO, CALIFORNIA 95926-3898

CASE NAME:
Bryn Rau v. Mission Ranch Primary Care, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER 138775 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 12
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/18/2013

Joann L. Pheasant, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition