IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

BRYN RAU,

           Plaintiff,           No. 2:13-cv-00371-KJM-CMK

    v.

MISSION RANCH PRIMARY CARE,
MARCIA F. NELSON,

           Defendants.          <u>ORDER</u>

_____/

         This matter is before the court on defendants' motion to dismiss, motion for a more definite statement, and motion to strike. (ECF 8.) The motion was decided without a hearing. Plaintiff brings several state and federal employment-based claims against defendants, including unlawful termination because plaintiff became pregnant. For the reasons below, the court GRANTS the defendants' motion to dismiss plaintiff's eighth, ninth, and twelfth claims with leave to amend, DENIES defendants' motion for a more definite statement, and GRANTS defendants' motion to strike plaintiff's seventh claim for wrongful termination.

I.      <u>ALLEGED FACTS AND PROCEDURAL BACKGROUND</u>

         Plaintiff worked for defendant Mission Ranch Primary Care ("MRPC") and defendant Dr. Marcia Nelson as a medical assistant in Chico, California. (Compl. at 1–3,

///

Defs.' Pet. for Removal, Ex. A, ECF 1.)[1] Plaintiff alleges defendants violated several state labor codes by denying her regular and overtime wages, and meal and rest periods. (Compl. at 3:16-20.) She also asserts defendants fired her shortly after defendants confirmed with another employee that she had become pregnant, (*id.* at 3:27-28), and that defendant Nelson inappropriately accessed her medical records. (*Id.* at 4:2-3.) Plaintiff seeks injunctive relief and restitution, (*id.* at 6:18-23), and compensatory and punitive damages, (*id.* at 19:15, 23). She asserts eleven total causes of action. (Compl.)[2]

        Plaintiff filed a complaint on January 22, 2013 in the Superior Court of California for Butte County and defendants filed notice of removal on February 25, 2013. (Defs.' Pet. for Removal, ECF 1.) On March 4, 2013, the parties stipulated to plaintiff's filing an amended complaint by March 25, 2013. (ECF 5.) The parties also stipulated defendants would not need to file a responsive pleading to the original complaint and would have fourteen days to file a responsive pleading upon plaintiff's filing the first amended complaint. (ECF 5.) Plaintiff has not filed an amended complaint.

        On April 12, 2013, defendants filed the instant motion, moving to dismiss plaintiff's eighth claim for unfair business practices, ninth claim for violation of the California Family Rights Act, and twelfth claim for violation of the Family Medical Leave Act. (Defs.' Mot. to Dismiss, ECF 8.) Defendants also move to strike plaintiff's seventh claim for wrongful termination as being redundant of her fifth claim for unlawful termination and move for a more definite statement of all claims. (ECF 8.) On May 11, 2013, plaintiff filed an opposition brief. (ECF 9.) Defendants filed a reply on May 16, 2013. (ECF 11.)

/////

/////

---

[1] Citations to the complaint will use page and line numbers due to the inconsistent numbering of paragraphs throughout the complaint.

[2] There are eleven total causes of action included in the complaint, but the sixth cause of action has been skipped in the sequence. All references made to the causes of action are based on the numbering in the complaint. Thus, a sixth cause of action does not exist, and the sequence continues to twelve rather than eleven.

II.   ANALYSIS

    A.   Motion to Dismiss

        1.   Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice," or to material attached to or incorporated by reference into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

(9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

### 2. Eighth Claim for Unfair Business Practices

Defendants assert plaintiff, in her eighth claim, has failed to state a claim upon which relief may be granted. (ECF 8 at 3.) Defendants argue plaintiff does not plead specific facts for damages in the form of injunctive relief or restitution, as required for an unfair business practices claim under California Business & Professions Code section 17200. (*Id.*) Defendants contend that although plaintiff incorporates prior allegations in the eighth claim, those allegations related to termination and pregnancy only seek monetary damages, which are not available for this type of unfair business practice claim. (*Id.*) Defendants further contend that plaintiff's complaint has no factual allegations demonstrating the injuries she suffered from her alleged wrongful termination cannot be compensated with ordinary damages. (*Id.*)

Plaintiff's only response is that defendants' motion to dismiss this claim should be denied because defendants simply do not want to answer the complaint. (Pl.'s Opp'n at 2, ECF 9.) Defendants contend that plaintiff's failure to properly address any of their arguments warrants granting their motion to dismiss without leave to amend. (Defs.' Reply at 2, ECF 11.)

Under section 17200 *et seq.*, called "the unfair competition law," prevailing plaintiffs are generally limited to injunctive relief and restitution. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999) (citing CAL. BUS. & PROF. CODE § 17203). A plaintiff may receive restitution regardless of whether an injunction issues. *ABC Int'l Traders, Inc. v. Matsushita Elec. Corp.*, 14 Cal. 4th 1247, 1271 (1997). Restitution only allows recovery of money or property in which a plaintiff has an ownership interest. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149–50 (2003) (citing *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 126–27 (2000)). However, a plaintiff can recover earned but unpaid wages because "restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest." *Id.* at 1149 (citing *Cortez v.*
*/////*

1  *Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178 (2000) ("[Restoration] is not limited
2  only to the return of money or property that was once in the possession of that person.")).
3        Here, plaintiff alleges she has suffered consequential and incidental losses,
4  including but not limited to loss of income and benefits. (Compl. at 16:5-8.) Plaintiff also
5  alleges she was denied unemployment benefits by defendants after her employment was
6  terminated. (*Id*. at 15:20.) Plaintiff has not pled she was denied money or property in which
7  she had a vested interest, and does not argue that any of her pled injuries qualify as a vested
8  interest under applicable law. Defendants' motion to dismiss plaintiff's eighth claim is granted
9  with leave to amend.
10       3.     Ninth Claim for Violation of the California Family Rights Act
11       Defendants contend plaintiff's unlabeled ninth cause of action fails to state a
12 claim upon which relief can be granted because it alleges the defendants violated the California
13 Family Rights Act ("CFRA"), which only applies to employers who employ fifty or more
14 employees, and neither defendant is covered. (ECF 8 at 4.) Defendants further contend that
15 California already has a statutory scheme, the Pregnancy Disability Leave Act, to cover
16 employees who need leave due to pregnancy, child birth, or other related medical conditions.
17 (*Id.* at 3.) Defendants assert the factual allegations in the ninth cause of action do not show a
18 claim under CFRA even if the court accepts as true that defendants terminated plaintiff solely
19 because of her pregnancy, denied her medical leave, denied her accommodation, and
20 terminated her medical benefits. (*Id.* at 4.) Moreover, defendants argue that plaintiff does not
21 allege she suffered any damages from being denied child birth related leave but rather claims
22 she was terminated as soon as defendants found out she was pregnant. (*Id.*)
23       Plaintiff makes no counterargument to support her request that the court deny
24 defendants' motion to dismiss this claim.
25       For the purposes of CFRA applicability, an employer is "[a]ny person who
26 directly employs 50 or more persons to perform services for a wage or salary." CAL. GOV'T
27 CODE § 12945.2(c)(2)(A). Plaintiff did not allege that either defendant employs fifty or more
28 employees, which defendants assert cannot be truthfully alleged in an amended complaint.

5

(ECF 8 at 4.)  Defendants' motion to dismiss plaintiff's ninth claim is granted without prejudice; plaintiff may amend only if she can do so consonant with Federal Rule of Civil Procedure 11.

            4.       Twelfth Claim for Violation of the Family Medical Leave Act

Defendants contend that plaintiff's conclusory allegations in the twelfth cause of action are insufficient to state a claim because the sole allegation is that defendants violated the Family Medical Leave Act ("FMLA") by denying her rights and benefits under the FMLA, including but not limited to family leave.  (*Id.*)  The complaint contains no factual allegations to show plaintiff ever requested or was denied medical leave, or that she suffered damages related to medical leave.  (*Id.*)  Further, like the CFRA in the ninth claim, defendants are not covered by the FMLA because neither defendant employs fifty or more employees.  (*Id.*)

The FMLA in fact does not apply to employers who employ fewer than fifty employees.  29 U.S.C. § 2611(4)(A)(i).  Plaintiff again makes no counterargument on the motion to dismiss this claim to address defendants' contention that the FMLA is not applicable.  Defendants' motion to dismiss the twelfth claim is granted without prejudice; plaintiff may amend only if she can do so consonant with Federal Rule of Civil Procedure 11.

    B.      Motion for a More Definite Statement

            1.       Standard

Federal Rule of Civil Procedure 12(e) permits parties to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response."  The motion must "point out the defects complained of and the details desired."  FED. R. CIV. P. 12(e).  A motion for a more definite statement "should not be granted unless the defendant cannot frame a responsive pleading."  *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

            2.       Analysis

Defendants contend the plaintiff has failed to comply with Federal Rule of Civil Procedure Rule 8, requiring a short and plain statement of her claims, and Rule 10, requiring that each claim be set forth separately.  (ECF 8 at 4.)  Defendants move for a more definite

1  statement on all claims because the complaint is so confusing that defendants are not able to
2  ascertain which claims are being asserted against which defendant. (*Id.*)

3  Plaintiff requests the court deny defendants' motion for a more definite
4  statement despite the errors in the complaint because she includes sufficient facts to allow a
5  reasonable person to answer. (ECF 9 at 3.) Plaintiff further asserts that all claims are being
6  made against both defendants because they are intertwined as a joint venture. (*Id.*) Defendants
7  counter that ultimate joint and several liability of the defendants does not mean plaintiff is
8  exempt from complying with Rules 8 and 10. (ECF 11 at 3 (citing CAL. CORP. CODE § 16201
9  to show that a joint venture is a distinct entity from its partner).)

10 In response to a motion for a more definite statement, judges have discretion to
11 require as much detail as deemed appropriate even if "a complaint is not defective for failure to
12 designate the statute or other provision of law violated." *McHenry v. Renne*, 84 F.3d 1172,
13 1179 (9th Cir. 1996). Plaintiff's complaint lacks effective headings to identify each claim and
14 which defendant is sued under each. However, plaintiff has asserted all of her claims are
15 brought against both defendants. The court finds the complaint provides defendants sufficient
16 notice to frame a responsive pleading. Defendant's motion for a more definite statement is
17 denied.

18     C.    Motion to Strike
19         1.    Standard

20 Federal Rule of Civil Procedure 12(f) states "[t]he court may strike from a
21 pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Redundant matter
22 is defined as allegations that 'constitute a needless repetition of other averments or are foreign
23 to the issue.'" *Taheny v. Wells Fargo Bank, N.A.*, No. CIV S-10-2123 LKK/EFB, 2011 U.S.
24 Dist. LEXIS 44300, at *7 (E.D. Cal. Apr. 18, 2011) (quoting *Thornton v. Solutionone Cleaning*
25 *Concepts, Inc.*, No. 06-1455, 2007 U.S. Dist. LEXIS 8683 (E.D. Cal. Jan. 26, 2007)).
26 "'Immaterial matter is that which has no essential or important relationship to the claim for
27 relief or the defenses being pleaded [and] [i]mpertinent matter consists of statements that do not
28 pertain, and are not necessary, to the issues in question.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d

7

1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534–35 (1994) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706–707 & 711 (1990)). "'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are disfavored and infrequently granted." *Bassett v. Ruggles*, No. CIV F-09-528 OWW/SMS, 2009 U.S. Dist. LEXIS 83349, at *65 (E.D. Cal. Sep. 14, 2009). They should not be granted unless it is clear that the matter to be stricken could have no possible relevance to the controversy and may cause prejudice to one of the parties. *Taheny*, 2011 U.S. Dist. LEXIS 44300, at *7 (citing 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380); *see also Wynes v. Kaiser Permanente Hosps.*, No. CIV S-10-0702-MCE-GGH, 2011 U.S. Dist. LEXIS 35400, at *31 (E.D. Cal. Mar. 31, 2011) ("courts often require a showing of prejudice by the moving party").

    2.  Analysis

Defendants move to strike plaintiff's unnamed seventh claim. (ECF 8 at 6.) Defendants contend this claim is entirely duplicative of plaintiff's fifth claim, which is labeled "unlawful termination" and alleges violation of the California Constitution, Government Codes and Labor Codes. (*Id.*) Plaintiff's opposition states that motions to strike are disfavored but does not provide a counterargument to the defendants' motion to strike the seventh claim due to redundancy. (ECF 9 at 4.)

Four of the five paragraphs contained in the seventh claim are included, almost verbatim, in the fifth claim. (Compl. at 15–17.) The seventh cause of action is not named; the fifth claim is dubbed "unlawful termination." The only allegation not included in the fifth claim is that defendants' termination of plaintiff's employment violates the fundamental public policies of California. (*Id.* at 16:22-25.) Yet the fifth claim simply references the California

Constitution and a series of laws that prohibit discrimination, suggesting it too is based on a violation of California public policy. (Compl. at 15:10–13.) Because these causes of action are redundant, FED. R. CIV. P. 12(f), defendants' motion to strike is granted.

III.   CONCLUSION

1. Defendants' motion to dismiss plaintiff's eighth, ninth, and twelfth claims is GRANTED without prejudice;
2. Defendants' motion for a more definite statement is DENIED;
3. Defendants' motion to strike plaintiff's seventh claim is GRANTED; and
4. Plaintiff must file an amended complaint consonant with Federal Rule of Civil Procedure 11 and the directions in this order within **twenty-one days** of the date this order is filed.

IT IS SO ORDERED.

DATED: June 21, 2013.

_____
UNITED STATES DISTRICT JUDGE