KENNADAY, LEAVITT & DAPONDE PC
KELLI M. KENNADAY (SBN 155153)
kkennaday@kldlawgroup.com
EUNICE C. MAJAM-SIMPSON (SBN 232450)
emajam-simpson@kldlawgroup.com
500 Capitol Mall, Suite 2260
Sacramento, California 95814

Telephone:   (916) 431-7755
Facsimile:   (916) 431-7756

Attorneys for Defendants
MISSION RANCH PRIMARY CARE
and MARCIA F. NELSON, M.D.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BRYN RAU,<br><br>            Plaintiff,<br><br>     v.<br><br>MISSION RANCH PRIMARY CARE, MARCIA F. NELSON, M.D., and DOES 1-25, inclusive,<br><br>            Defendants. | Case No. 2:13-cv-00371-KJM-CMK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE [F.R.C.P 41(b)]**<br><br>Date:   February 28, 2014<br>Time:   10:00 a.m.<br>Ctrm:   3, 15th Floor<br>Judge:  Hon. Kimberly J. Mueller<br><br>Complaint Filed: February 25, 2013<br>Trial Date:          Not Set Yet |

Defendants Mission Ranch Primary Care and Maria F. Nelson, M.D. (collectively "Defendants" or "MRPC") respectfully submit the following points and authorities in support of their motion to dismiss the action against them with prejudice, for Plaintiff Bryn Rau's ("Plaintiff") failure to prosecute.

**I.   INTRODUCTION**

Plaintiff filed a complaint against MRPC which alleges, among other things, that she was denied regular and overtime wages and meal and rest periods in violation of the California Labor Code. Plaintiff also alleges that she was fired shortly after MRPC confirmed that she was pregnant.

(Complaint, ¶¶ 1, 8, 11.) Despite being ordered to file an amended Complaint and receiving numerous Orders to Show Cause from the Court, Plaintiff has failed to file an amended Complaint, has largely failed to respond to the Court's Orders to Show Cause and has failed to move this case forward despite having filed it a year ago. [Dkt. 12, p. 3; 20 and 22.] Accordingly, this case should be dismissed for failure to prosecute.

## II. PROCEDURAL HISTORY

On January 22, 2013 Plaintiff filed her original Complaint against MRPC with the Butte County Superior Court.

On February 25, 2013, MRPC removed Plaintiff's case to the United States District Court, Eastern District of California. [Dkt. 1.]

On March 4, 2014, the Plaintiff and MRPC filed a stipulation to allow Plaintiff to file a FAC, no later than March 25, 2013 [Dkt. 5], which Plaintiff failed to do despite numerous attempts to meet and confer by Defense counsel. [Dkt. 8, Attachment #2.]

Consequently on April 12, 2013, MRPC filed a motion pursuant to Rule 12(b)(6), Rule 12(e), and Rule 12(f), to dismiss Plaintiff's Complaint, for a more definite statement, and to strike the Complaint. [Dkt. 8.]

On June 21, 2013, this Court issued an order granting in part and denying in part MRPC's motion, and requiring Plaintiff to file an amended complaint within 21 days. [Dkt. 12.] Plaintiff failed to comply with this order.

Thus, on July 18, 2013, MRPC had no choice but to file its Answer to Plaintiff's original Complaint in an effort to move this case forward. [Dkt. 14.]

On July 31, 2013, the Court issued an Order to Show Cause ("OSC"), why Plaintiff's counsel should not be sanctioned and the case not dismissed for Plaintiff's failure to prosecute. [Dkt. 15.]

Almost a month after the Court's July 31, 2013 OSC, Plaintiff had yet to respond to the OSC. Accordingly, the Court issued another OSC on August 27, 2013, ordering Plaintiff to show cause, within seven days from the date of the OSC, as to why Plaintiff's counsel should not be sanctioned and the case not dismissed for Plaintiff's repeated failure to comply with the Court's order to file an

KENNADAY, LEAVITT
& DAPONDE PC
ATTORNEYS AT LAW
SACRAMENTO

00009707.2                                -2-
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 41(b)

1 amended Complaint. [Dkt. 18.]

2 On September 3, 2013, Plaintiff's counsel responded to the Court's OSC, stating that she had to deal with illness in her family and as a result was unable to review the Court's orders, but that she had secured assistance so that further issues with prosecuting the case would be avoided. Plaintiff's counsel also purported to file a First Amended Complaint.

On September 10, 2013, the Court sanctioned Plaintiff's counsel in the amount of $250.00 for repeated lapses in prosecuting the case ("September 2013 Order"). While the Court did not dismiss Plaintiff's Complaint for failure to prosecute, the Court struck the FAC as untimely. [Dkt. 22.]

Over a month after the Court's September 2013 Order, Plaintiff had yet to pay the sanction or explain why she had not done so.

On October 22, 2013, the Court issued another OSC, indicating that Plaintiff's counsel was ordered to pay the initial sanctions in the amount of $250.00 within seven days of the September 2013 OSC but Plaintiff failed to do so. The Court ordered Plaintiff's counsel to show cause why she should not be sanctioned an additional $500.00 for failing to pay the initial sanction. ("October 2013 OSC"). [Dkt. 23.]

On January 16, 2014, almost three months after the Court's October 2013 OSC, the Court issued a minute order, providing Plaintiff an additional seven days to respond to the October 2013 OSC. Instead of responding to the Court's October 2013 OSC, Plaintiff's counsel only paid the initial sanction in the amount of $250.00. Plaintiff's counsel has yet to explain why she has not responded to the prior OSC relating to the additional sanction in the amount of $500.00, or made an attempt to move this case forward.

### III.  LEGAL ARGUMENT

#### A.  Standard for Rule 4(b) Dismissal

A defendant may move for a dismissal of an action or of any claim against the defendant "[i]f the plaintiff fails to prosecute or to comply with…[the] rules or a court order." F.R.C.P. 41(b). The courts read F.R.C.P. 41(b) ("Rule 41(b)") to require that federal actions be prosecuted with

KENNADAY, LEAVITT
& DAPONDE PC
ATTORNEYS AT LAW
SACRAMENTO

00009707.2                              -3-
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 41(b)

"reasonable diligence" in order to avoid dismissal. *Anderson v. Air West, Inc.*, 542 F. 2d 522, 524 (9th Cir. 1976). "[T]he failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Morris v. Morgan Stanley & Co.*, 942 F. 2d 648, 651 (9th Cir. 1991). For instance, if a plaintiff fails to amend his or her complaint, dismissal may be granted under Rule 41(b) for failure to prosecute. *Toyota Landscape Co., Inc. v. Building Materials & Dump Truck Drivers Local 420*, 726 F. 2d 525, 528 (9th Cir. 1984); see also *Nevijel v. North Coast Life Ins. Co.*, 651 F. 2d 671, 674 (9th Cir. 1981); *Bautista v. Los Angeles County*, 216 F. 3d 837, 841 (9th Cir. 2000); Cal. Practice Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2013) § 16:472. It is also important to note that Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits." F.R.C.P. 41(b).

### B. Plaintiff Failed To Comply With The Court's Orders And The Federal Rules

Rule 41(b) authorizes dismissal for plaintiff's failure to comply with any order of the court. *Yourish v. California Amplifier*, 191 F. 3d 983, 986-987 (9th Cir. 1999). Dismissals under Rule 41(b) for failure to comply with an order of the court have been upheld for failure to amend a complaint after a Rule 12(b)(6) motion to dismiss was granted with leave to amend. *Id.* At 986. As set forth above, the Court's order on MRPC's Motion to Dismiss dated June 21, 2013, specifically states that "Plaintiff must file an amended complaint consonant with the Federal Rule of Civil Procedure 11 and the directions in this order within **twenty-one days** of the date of this order." [Dkt. 12, p. 9]. Therefore, by the Court's order, Plaintiff's amended complaint was required to be filed on or before July 12, 2013. Plaintiff failed to comply with this Order. Consequently, on August 27, 2013, the Court issued another OSC with sanctions due to Plaintiff's failure to file an amended Complaint. [Dkt. 18].

F.R.C.P. 15(a)(2) ("Rule 15") provides in pertinent part that "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* It was not until September 3, 2013, after the Court issued additional OSCs, that Plaintiff filed a belated FAC. However, instead of filing a motion with the Court for leave to file the belated FAC pursuant

KENNADAY, LEAVITT
& DAPONDE PC
ATTORNEYS AT LAW
SACRAMENTO

00009707.2 -4-

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 41(b)

to Rule 15, Plaintiff once again completely ignored the federal rules and unilaterally filed the belated FAC without obtaining MRPC's written consent or leave of court. Accordingly, the Court issued an order on September 9, 2013, stating that while the Court "will not dismiss the case for failure to prosecute…it will sanction plaintiff." The Court also struck Plaintiff's FAC for her failure to "comply within the prescribed time period." [Dkt. 22, p. 2.]

On October 22, 2013, the Court issued another OSC with additional sanctions for Plaintiff's failure to respond to the Court's prior orders and OSCs. [Dkt. 23.] Almost three months later, on January 16, 2014, the Court issued an order providing Plaintiff an additional seven days to respond to the Court's OSC dated October 22, 2013. [Dkt. 24.] On the same day, Plaintiff's counsel paid the initial sanction in the amount of $250.00. However, to this date, Plaintiff has done nothing to explain her repeated failures to obey the Court's orders or prosecute this action. (Declaration of Eunice C. Majam-Simpson ("Majam-Simpson Decl."), ¶¶ 3-6.)

Accordingly, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice for her failure to follow the Court orders and her failure to prosecute this action.

### C. The Relevant Factors Weigh in Favor for Dismissing Plaintiff's Action For Her Failure to Prosecute

In determining whether to dismiss a case for failure to comply with a court order or rule, district courts typically weigh the following factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Bautista* at 841. As set forth below, these factors weigh in favor of a dismissal with prejudice.

First, the public interest and the court's need to manage its docket is served by the dismissal because the dismissal will expeditiously resolve a matter that Plaintiff evidently has no intention of prosecuting. Rather than prolonging the proceedings in this matter, it is more efficient to dismiss the case now. Plaintiff filed her original Complaint over a year ago. In September 2013, after several OSCs from the Court, Plaintiff purported to file a FAC, which the Court struck due to Plaintiff's failure to comply with Rule 15. Since then, Plaintiff has done nothing to prosecute this

KENNADAY, LEAVITT
& DAPONDE PC
ATTORNEYS AT LAW
SACRAMENTO

00009707.2                    -5-
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 41(b)

case.

Second, Defendants have suffered and will continue to suffer prejudice if Plaintiff's Complaint is not dismissed. Defendants have incurred attorney's fees and costs in defending a case that Plaintiff evidently has no intention of prosecuting, and they will continue to incur attorney's fees and costs in monitoring this case as long as the case continues.

Third, while there is a public policy of favoring disposition of cases on their merits, it is apparent that Plaintiff herself does not believe in the merits of her case. Plaintiff's course of conduct is a tacit admission that her Complaint lacks merit.

Finally, the Court previously provided a less drastic alternative to Plaintiff, but Plaintiff continues to fail to prosecute her case. Specifically, in its September 9, 2013 Order the court stated that it "will not dismiss the case for failure to prosecute." Instead, the Court only struck Plaintiff's FAC. [Dkt. 22, p. 2]. That apparently did not motivate Plaintiff to prosecute the case, as she has done nothing since then. (Majam-Simpson Decl., ¶¶ 3-6.)

The relevant factors that the Court must consider in determining whether to dismiss a complaint for a plaintiff's failure to prosecute all weigh in favor of a dismissal with prejudice.

## IV.   CONCLUSION

For the reasons set forth above, MRPC respectfully requests dismissal with prejudice of Plaintiff's action against them for Plaintiff's failure to prosecute.

DATED: January 22, 2014          KENNADAY, LEAVITT & DAPONDE PC

By:   /s/ *Eunice C. Majam-Simpson*
EUNICE C. MAJAM-SIMPSON
Attorneys for Defendants
MISSION RANCH PRIMARY CARE and
MARCIA F. NELSON, M.D.