IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

BRYN RAU,

          Plaintiff,          No. 2:13-cv-00371-KJM-CMK

    v.

MISSION RANCH PRIMARY CARE,
MARCIA F. NELSON,

          Defendants.         <u>ORDER</u>

/

        This matter is before the court on defendants' motion to dismiss for failure to prosecute (ECF 25), on which the court held a hearing on March 28, 2014. Joann Pheasant appeared for plaintiff and Eunice Majam-Simpson appeared for defendants. Also before the court is plaintiff's motion to amend the complaint (ECF 32), which the court submitted on the briefs. For the reasons below, the court GRANTS defendants' motion and DENIES plaintiff's motion as moot.

I.     <u>ALLEGED FACTS AND PROCEDURAL BACKGROUND</u>

        Plaintiff worked for defendant Mission Ranch Primary Care ("MRPC") and defendant Dr. Marcia Nelson as a medical assistant in Chico, California. (Compl. at 1–3, Defs.' Pet. for Removal, Ex. A, ECF 1.) Plaintiff alleges defendants violated several state labor codes by denying her regular and overtime wages, and meal and rest periods. (Compl. at 3:16-

1  20.)  She also asserts defendants fired her shortly after defendants confirmed with another
2  employee that she had become pregnant, (*id.* at 3:27-28), and that defendant Nelson
3  inappropriately accessed her medical records.  (*Id.* at 4:2-3.)  Plaintiff seeks injunctive relief
4  and restitution, (*id.* at 6:18-23), and compensatory and punitive damages, (*id.* at 19:15, 23).
5  She asserts eleven total causes of action.  (Compl.)

6  Plaintiff filed a complaint on January 22, 2013 in the Superior Court of
7  California for Butte County and defendants filed notice of removal on February 25, 2013.
8  (Defs.' Pet. for Removal, ECF 1.)  On March 4, 2013, the parties stipulated to plaintiff's filing
9  an amended complaint by March 25, 2013.  (ECF 5.)  The parties also stipulated defendants
10 would not need to file a responsive pleading to the original complaint and would have fourteen
11 days to file a responsive pleading upon plaintiff's filing the first amended complaint.  (ECF 5.)
12 Plaintiff still had not filed an amended complaint by April 12, 2013, when defendants filed
13 their first motion to dismiss, to strike, and for a more definite statement.  (ECF 8.)  On June 21,
14 2013 the court granted the motion to dismiss plaintiff's eighth, ninth, and twelfth claims,
15 denied the motion for a more definite statement, and granted the motion to strike plaintiff's
16 seventh claim.  (ECF 12.)  The court also ordered plaintiff to file an amended complaint within
17 21 days.

18 On July 31, 2013, the court issued plaintiff's counsel an order to show cause
19 why she should not be sanctioned for not filing an amended complaint as ordered by the court.
20 (ECF 15.)  Plaintiff's counsel still had not responded to this first OSC by August 27, 2013,
21 when the court issued a second OSC.  (ECF 18.)  Plaintiff's timely response to the second OSC
22 stated she has been overwhelmed with a personal illness in her family.  (ECF 19-1 at 2.)  She
23 also averred she had secured help in managing her practice so that further problems would not
24 surface.  (*Id.*)  That same day, plaintiff attempted to file a first amended complaint, which the
25 court struck because plaintiff did not comply with Federal Rule of Civil Procedure 15.  (ECF
26 22.)  The court also sanctioned plaintiff's counsel $250 for repeated noncompliance with the
27 courts' orders.  (*Id.*)

28

By October 22, 2013, more than a month after the deadline, plaintiff's counsel had yet to pay her $250 sanction. The court issued a third order to show cause why she should not be sanctioned an additional $500 for not paying the earlier sanction. (ECF 23.) The court warned plaintiff's counsel that failure to pay within seven days would result in the court reporting her to the State Bar of California. (*Id.*) Three weeks later, on January 16, 2014, plaintiff's counsel paid the $250 sanction without comment. In a minute order issued that same day, the court gave plaintiff's counsel an additional seven days to respond to its third order to show cause. (ECF 24.) Plaintiff's counsel still had not responded seven days later when defendants filed the pending motion. (ECF 25.) On January 30, 2014, plaintiff's counsel responded to the court's third OSC. (ECF 26.) In that response, she stated she did not see the court's orders because of a computer problem. (ECF 26-1 at 1.) She also said she has been caring for her mother in Seattle during her mother's cancer surgery, and that her disabled spouse has been in the hospital for surgery, for which her spouse has needed significant care. (*Id.* at 2.) Finally, plaintiff's counsel attested that the individual who was going to assist with or take over her cases was unable to do so due to her own workload. (*Id.*) Based on these representations, the court discharged its third OSC. (ECF 27.)

On February 18, 2014, the court on its own motion continued the hearing on the defendants' motion to dismiss, which was calendared for February 28, because plaintiff had not filed a response as required by the Local Rules. (ECF 29.) The court also ordered both plaintiff's and defendants' counsel to serve several documents on plaintiff Rau herself, to ensure Rau was apprised of the course of this litigation. (*Id.*) On February 26, 2014, defendants filed a certificate of service indicating they had served plaintiff as ordered. (ECF 30.) Plaintiff's counsel did not respond to the court's order regarding service and still did not respond to defendants' motion, which the court reset for hearing on March 28, 2014.

On March 21, 2014, defendants filed a notice of plaintiff's non-opposition to the pending motion, noting plaintiff's lack of any response whatsoever. (ECF 31.) That same day — nine months after plaintiff first had been ordered to file an amended complaint and one week before the continued hearing on the motion to dismiss — plaintiff filed a motion to amend the

3

complaint. (ECF 32.) In the motion to amend, plaintiff's counsel simply references Federal Rule of Civil Procedure 15 and asserts defendants will not be prejudiced by permitting amendment because this case is in its infancy and no discovery has been conducted. (*See id.*) She does not provide a proposed amended complaint, although at hearing she clarified the amendment would be consistent with the amended complaint she attempted to file in September 2013. Also at hearing she reported she was still attempting to locate co-counsel.

II.   ANALYSIS

Upon a motion to dismiss for failure to prosecute under Rule 41(b), the court must consider the factors outlined in *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994), namely: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

The court finds here that the *Eisen* factors overall support dismissal. First, the public has an interest in expeditious resolution of litigation. Here, plaintiff did not respond to the instant motion to dismiss for failure to prosecute, despite being given a second opportunity. At hearing, plaintiff's counsel stated she did not oppose the motion because she thought defendants' arguments were "good." Plaintiff only now has moved to file an amended complaint, nine months after the court directed its filing. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); FED. R. CIV. P. 1 (the public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action").

Second, the court has an inherent interest in managing its docket. Plaintiff's counsel has repeatedly failed to respond to this court's orders. While the court sympathizes with plaintiff's counsel's personal difficulties, it cannot overlook the continuing deficiencies in her performance. As plaintiff tacitly acknowledged in her recent motion for leave to amend, this case has been stalled for nearly a year. Although the complaint was filed over fifteen months ago, no discovery has occurred; the case remains in its "infancy" based on counsel's

not having moved it forward.  (ECF 32-2 at 2.)  *See Yourish*, 191 F.3d at 990 (upholding district court's dismissal under Rule 41(b) for these reasons).

Third, a defendant's ability to defend itself is prejudiced by the unnecessary passage of time.  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quotation marks and citation omitted).  The law also presumes prejudice from unreasonable delay.  *Id.* (citations omitted).  In the instant case, defendants have been unable to move forward or to conduct any discovery in light of plaintiff's counsel's absenteeism.  There also are accruing litigation costs.

Overall, the third factor only slightly supports dismissal because the delay has not been enormous, defendant has not produced evidence of actual prejudice beyond litigation costs, and plaintiff's counsel's excuses for delay are not frivolous.  *See In re Eisen*, 31 F.3d at 1453 (quoting *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1281 (9th Cir. 1980) (setting forth the shifting burdens in proving prejudice and stating courts "consider prejudice and delay together to determine 'whether there has been *sufficient* delay or prejudice to justify a dismissal of the plaintiff's case'") (original emphasis).  However, the "failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."  *Morris v. Morgan Stanley & Co.*, 942 F. 2d 648, 651 (9th Cir. 1991) (alteration in original) (quotation marks and citation omitted); *see also Toyota Landscape Co., Inc. v. Building Materials & Dump Truck Drivers Local 420*, 726 F. 2d 525, 528 (9th Cir. 1984) (upholding dismissal of a claim under Rule 41(b) after plaintiffs did not file an amended complaint).

Fourth, although public policy strongly favors disposition of actions on their merits, this consideration as in *Yourish* "is outweighed by the other four factors which support dismissal of this action." *Yourish*, 191 F.3d at 992; *cf. In re Eisen*, 31 F.3d at 1454 ("Even if the plaintiff has an obviously strong case, dismissal would be appropriate if the plaintiff has

5

clearly ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.") (quotation marks and citation omitted).

Finally, this court has pursued less drastic alternatives for the past nine months. The court has given plaintiff no fewer than four opportunities to file an amended complaint, has issued three OSCs warning dismissal may occur, has sanctioned plaintiff's counsel $250, has considered a further sanction but deferred decision in light of plaintiff's silence in face of an OSC, and has continued by one month the hearing date on the instant motion to give plaintiff additional opportunity to respond. All to no avail. While plaintiff has filed a generic motion to amend, the motion does not acknowledge the motion to dismiss is pending. Plaintiff's counsel's appearance at hearing, however belated, is credited, and persuades the court that dismissal should be without prejudice.

III.  CONCLUSION

Defendants' motion to dismiss for failure to prosecute is GRANTED without prejudice. Plaintiff's motion to amend is DENIED as moot. This case is CLOSED.

IT IS SO ORDERED.

DATED: April 14, 2014.

_____
UNITED STATES DISTRICT JUDGE